UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARCOS LOPEZ ORTIZ, | § | |
| TDCJ #01049113, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-0357 |
| | § | APPEAL NO. 18-40091 & 19-40669 |
| LORIE DAVIS, Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## ORDER IMPOSING SANCTIONS

On December 22, 2017, the Court dismissed the habeas petition filed by Marcos Lopez Ortiz as an unauthorized successive petition. On January 30, 2019, the Court of Appeals denied a certificate of appealability and denied leave to proceed *in forma pauperis* on appeal. The appellate court also issued a sanctions warning:

> Ortiz has challenged the validity of his Texas convictions in federal habeas proceedings on five prior occasions without success, and this court previously warned him that frivolous, repetitive, or otherwise abusive filings would invite the imposition of sanctions and instructed him to withdraw any frivolous, repetitive, or otherwise abusive filings that may be pending before this court. *In re Ortiz*, 18-40572, 18 (5th Cir. Aug. 27, 2018) (unpublished). He has failed to heed this warning. Accordingly, Ortiz is again CAUTIONED that filing any future frivolous, repetitive, or otherwise abusive challenges to this conviction or sentence in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions. He should review any pending motions and appeals and withdraw any that are frivolous or repetitive, or sanctions will be imposed.

(Dkt. 14, at 2 (Appeal No. 18-40091)).[1]

---

[1] Additionally, Ortiz is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in civil rights actions without a showing that he is in imminent danger of serious

After the appellate court ruling and sanctions warning, Ortiz filed a frivolous "nunc pro tunc motion for production of records" (Dkt. 15), which the Court denied (Dkt. 16). Ortiz then filed a frivolous "nunc pro tunc motion for review" (Dkt. 18), which the Court also denied (Dkt. 19). Ortiz simultaneously filed the same motions in another closed habeas action, Civil Action No. 18-127.

Ortiz then filed a second notice of appeal in this case, challenging the Court's denial of his "nunc pro tunc motion for review" (Dkt. 20 (Appeal No. 19-40669)). He also filed a motion for leave to appeal *in forma pauperis* (Dkt. 23) and a motion for entry of order (Dkt. 26). Because the courts repeatedly have rejected Ortiz's arguments and he now appeals from the denial of a frivolous motion, the Court determines that the appeal is not taken in good faith. *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015) ("[a]n appeal is taken in good faith if it raises legal points that are arguable on the merits and thus is nonfrivolous").

Courts have inherent authority to sanction litigants for abusive conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (courts possess the inherent power "to protect the efficient and orderly administration of justice," which includes "the power to levy sanctions in response to abusive litigation practices") (citations omitted). Petitioner continues to file motions that are frivolous, abusive, and in bad faith, despite an explicit sanction warning from the Fifth Circuit and other courts.

---

physical injury. *See, e.g. Ortiz v. Livingston*, Civil Action No. 3:13-0330 (in order dated Oct. 3, 2013, after recounting that "Ortiz had incurred seven frivolous dismissals since receiving his third strike in 2004," the court imposed a sanction of $50).

The Court now **ORDERS** as follows:

1. The Court **CERTIFIES** that Ortiz's second appeal (Appeal No. 19-40669) is not taken in good faith for purposes of Rule 24(a)(3) of the Federal Rules of Appellate Procedure. Petitioner's motion for leave to appeal *in forma pauperis* (Dkt. 23) is **DENIED**. His motion for entry of order (Dkt. 26) is **DENIED as moot**.

2. Although this Court has certified that the appeal is not taken in good faith, the applicant may challenge this finding pursuant to *Baugh v. Taylor,* 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within **thirty (30) days** of the date of this order. If Ortiz so moves to proceed on appeal *in forma pauperis*, he is not assessed an initial filing fee.

3. Any further motions or documents filed in this closed case or in other closed cases, including Civil Action No. 3:18-127, may be **STRICKEN** without further order from the Court.

4. Due to the petitioner's clear record of frivolous filings, his failure to comply with court orders, his persistent abuse of judicial resources, the district court's 2013 sanctions order, and the appellate court's sanctions warning in this case, the Court **SANCTIONS** Marcos Lopez Ortiz in the amount of $75.00. Officials with the Inmate Trust Fund are directed to impose a **HOLD** on the trust fund account belonging to Marcos Lopez

Ortiz (TDCJ # 01049113) and to collect this amount, in full or in part, as soon as funds are available. <u>Until his sanction is paid, Ortiz may not file any civil action, petition or complaint in this district without written permission from a judicial officer</u>. The Clerk of Court is **INSTRUCTED** to administratively close any civil action filed by Ortiz that does not comply with this order or any previous sanction.

**The Clerk will send a copy of this order to the parties and will also provide a copy of this order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; and (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793**.

SIGNED this day 5th day of November, 2019.

_____
George C. Hanks Jr.
United States District Judge